**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN CURRAN, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNITED OF OMAHA LIFE INSURANCE COMPANY, <br><br> Defendant-Appellee. | No.   15-56599 <br><br> D.C. No. <br> 3:12-cv-01935-JLS-BLM <br><br><br> MEMORANDUM[*] |
| ROBIN CURRAN, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> UNITED OF OMAHA LIFE INSURANCE COMPANY, <br><br> Defendant-Appellant. | No.   15-56668 <br><br> D.C. No. <br> 3:12-cv-01935-JLS-BLM |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted August 30, 2017
Pasadena, California

Before:  W. FLETCHER and IKUTA, Circuit Judges, and BARKER,[**] District Judge.

Robin Curran appeals the district court's decision affirming United of Omaha's denial of disability benefits under the terms of her employee benefits plan (the Plan), which is governed by the provisions of the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1001–1461.  United cross-appeals the district court's determination that Curran was totally disabled within the meaning of the Plan.  We have jurisdiction under 28 U.S.C. § 1291.

The district court did not clearly err in determining that United had properly limited disability payments to 24 months under the Plan's Self-Reported Symptoms (SRS) limitation, given that the record did not include objective evidence supporting Curran's claimed disability.  Curran concedes there is no evidence in the record that her fibromyalgia diagnosis was based on the 18-point trigger-point test.  Nor does the record establish that a fibromyalgia diagnosis was based on any other objective test.  Further, the record does not include any objective evidence that she suffers from Lyme disease or chronic fatigue

---

[**] The Honorable Sarah Evans Barker, United States District Judge for the Southern District of Indiana, sitting by designation.

syndrome. The district court did not abuse its discretion in denying Curran's post-judgment motion to supplement the record with a letter from Dr. Wightman because she could have reasonably secured the letter earlier in the litigation. *See* Fed. R. Civ. Proc. 59(e); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Contrary to Curran's argument, United gave Curran meaningful notification of its adverse benefit determination, including the "specific reason or reasons for the adverse determination" and a "[r]eference to the specific plan provisions on which the determination is based." 29 C.F.R. § 2560.503-1(g); 29 U.S.C. § 1133(1). United's May 9, 2011 letter, which stated that the SRS limitation was one of the two "provision(s) in your policy on which the denial of your claim is based" and provided the full text of that provision, complied with the regulatory requirements. *See* § 2560.503-1(g); *Booton v. Lockheed Medical Ben. Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997).[1]

United adequately notified Curran of the "additional material or information necessary . . . to perfect [her] claim." 29 C.F.R. § 2560.503-1(g)(1)(iii). The initial

---

[1]Curran argues that United failed to give her proper notification by not referencing the SRS limitation in its final letter denying her appeal. Because this argument was raised for the first time in the reply brief, it is waived. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996). In any event, it is meritless, because United adequately explained the basis for its denial of benefits in its May 11, 2011 denial letter and Curran did not challenge the SRS limitation in her administrative appeal.

3

denial letter provided a detailed, three-page summary of Curran's medical file and repeatedly noted the absence of specific objective evidence supporting her claim, including the lack of the trigger-point test for fibromyalgia. Unlike cases where insurers denied claims based on conclusory statements that the evidence was insufficient or that services were not covered, *see Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 870 (9th Cir. 2008); *Booton*, 110 F.3d at 164 & n.4, United amply identified the evidence required to provide an objective basis for Curran's diagnoses.

We do not address whether United was required to plead the SRS limitation as an affirmative defense or whether it in fact did so. Because the parties briefed and argued the SRS limitation before the district court, it was tried by implied consent. *See* Fed. R. Civ. Proc. 15(b)(2); *see also Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 214–15 (9th Cir. 1989).[2]

**AFFIRMED.**

---

[2]Because we affirm the district court's holding that United's denial of benefits was proper under the SRS limitation, we do not reach United's cross-appeal. *See Rincon Band of Luiseno Mission Indians of Rincon Reservation v. Schwarzenegger*, 602 F.3d 1019, 1022 n.1 (9th Cir. 2010). We also deny Curran's contested motion for judicial notice, filed March 13, 2017, as it pertains only to United's cross-appeal.